IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHAD MILLESS, | CV-24-54-H-DLC |
| Plaintiff, | |
| vs. | ORDER |
| MONTANA STATE PRISON INFIRMARY, WARDEN JAMES SALMONSEN, STEPHANIE PASHA, and DR. PAUL REES, | |
| Defendants[1]. | |

Defendants Montana State Prison, James Salmonsen, Stephanie Pasha, and Dr. Paul Rees have moved under Fed. R. Civ. P. 12(b)(6) for dismissal of Plaintiff Chad Milless' Complaint for failure to exhaust his available administrative remedies. (Doc. 18.) Milless has responded. (Doc. 21.) The motion is granted.

I.  BACKGROUND

Milless is an inmate at Montana State Prison. Briefly, his Complaint alleges that he has received constitutionally deficient medical care. (Doc. 2.) In his Complaint, he states that he has filed a grievance, but that it was still pending at the time of filing his Complaint. (Doc. 2 at 7.)

---

[1] The caption has been amended to reflect Plaintiff's dismissal of Victoria Urban. (Doc. 16.)

1

II.     MOTION TO DISMISS

Defendants have moved to dismiss, on the ground of failure to exhaust administrative remedies. (Doc. 19.) They assert that the face of Milless' Complaint shows that he is not entitled to file suit against Defendants under the strict terms of the Prison Litigation Reform Act. (Doc. 19 at 3.)

In response, Milless makes two points. First, the State Legal Services Bureau is not properly involved in this matter. (Doc. 21 at 1 – 2.) This position is a misunderstanding of the import of *Loper Bright Ent. v. Raimondo*, ___ U.S. ___, 144 S. Ct 2244 (2024). The state agency defendants are entitled to legal counsel.

Second, and more directly relevant, Milless contends that the grievance process is a "farce", suggesting that his failure to exhaust the process should be excused. (Doc. 21 at 2.) He contends that his multiple sclerosis and low IQ prevented him from exhausting. *Id.*

    A. Standard

In considering a motion to dismiss for failure to state a claim, the court must accept the allegations of the complaint as true, *Hospital Bldg. Co. v. Rex Hospital Trustees,* 425 U.S. 738, 740, (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, *reh'g denied,* 396 U.S. 869 (1969). A plaintiff's complaint must allege sufficient facts to state a claim for relief that is plausible on

its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court must accept as true the plaintiff's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted).

B.  Propriety of the motion to dismiss

The Ninth Circuit considers the issue of whether a Plaintiff has exhausted administrative remedies as similar to an affirmative defense—it must be raised at the outset. As such, it will infrequently be subject to a motion to dismiss, since in the usual course, a prisoner plaintiff does not have an obligation to plead exhaustion in the Complaint. However,

> "[i]n those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim. *See id.* at 215–16, 127 S.Ct. 910; *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir.1984) (per curiam);[…] *Aquilar–Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir.2007) ("[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.").

3

*Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (internal quotation omitted). In this instance, Milless has, in fact, provided the necessary information regarding exhaustion on the face of his Amended Complaint, making the issue ripe for adjudication. (Doc. 2 at 6 – 8.)

       C.  Requirements of Exhaustion

The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 93 - 97 (2006). Exhaustion is mandatory. *Booth*, 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014).

The defendant bears the burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust

that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). The prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations and quotation marks omitted).

"The ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016) (citing *Booth*, 532 U.S., at 737–738.) Therefore, inmates must exhaust those "grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth*, 532 U.S., at 738.)

There are three general situations that can render a prison or jail grievance process unavailable to an inmate. First, an administrative procedure is not available, and therefore need not be exhausted, "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross*, 136 S.Ct., at 1859.

Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* "When rules are so confusing that no reasonable prisoner can use them, then they're no longer available." *Id.* (internal quotation marks and alteration omitted). However, the procedures need not be sufficiently "plain" as to preclude any reasonable mistake or debate with respect to their meaning. *Id.* Therefore, when an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion. *Id.*

Finally, administrative remedies will be deemed unavailable if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation" or if administrators otherwise interfere with an inmate's pursuit of relief. *Id.*, at 1860. For example, if the prison improperly processed an inmate's grievance, if prison officials misinformed an inmate regarding grievance procedures, or if the inmate "did not have access to the necessary grievance forms within the prison's time limits for filing the grievance," the remedies will be considered unavailable. *Albino*, 747 F.3d at 1172-73; *see also McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015) (holding that an inmate's fear of retaliation may suffice to render the grievance process unavailable, if the prisoner (1) "provide[s] a basis for the court to find that

he actually believed prison officials would retaliate against him if he filed a grievance," and (2) "demonstrate[s] that his belief was objectively reasonable").

Under the PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at 218. MSP OP 3.3.3, attached to Defendants' motion, governs the grievance process.[2] (Doc. 19.) With the exception of emergency grievances, the Inmate Grievance Program involves four steps: (1) informal resolution, (2) formal grievance, (3) appeal to the Warden, and (4) appeal to the Director of the DOC. MSP OP 3.3.3(III)(E), (III)(F), (III)(I), (III)(K). There are timelines for properly submitting grievances and for responses. MSP OP 3.3.3(III)(D). If an inmate fails to receive a timely response on a grievance, he may proceed to the next step of the grievance process. MSP OP 3.3.3(III)(D)(4). "If an inmate fails to advance to the next level of the grievance program within the stated time limit, he will be considered to have forfeited the opportunity to exhaust his administrative remedies under the inmate grievance program." MSP OP 3.3.3(III)(D)(5).

---

[2] The Court finds that it can take judicial notice of the complete text of MSP 3.3.3. Under Fed. R. Evid. 201(b), the "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." MSP's policy is publicly available on the Department of Corrections website. Milless does not dispute that the copy attached to Defendants' brief is accurate. Therefore, the Court can consider the text of 3.3.3 without converting Defendants' motion to dismiss to a motion for summary judgment. (As a practical matter, the outcome would be the same. There are no undisputed relevant facts.)

D. Analysis

Milless' assertions about the grievance process being a farce appear to rely on the *Ross* characterization above of a procedure being a "dead end." It is clear from Milless' Complaint, his response brief, and the process outlined in the MSP grievance procedure, that he did not exhaust his administrative remedies. He did not follow the outlined procedure, which must be followed assiduously.

He alleges that grievances are not answered. (Doc. 21 at 2.) But the policy, as noted above, accommodates any failure to respond by allowing him to move on to the next step regardless. The point of the administrative procedures is not merely to provide notice to the authorities, but also, to provide a process by which legitimate grievances can be analyzed and redressed. Importantly, the appeals in the grievance procedure advance an inmate's claim beyond the initial deciding official, through layers of supervisory review. In that manner, a decision by a line officer can be reviewed by a more senior official with a broader perspective of policy and less personal involvement in the situation. By not using the proper procedure and filing the multiple appeals available through the administrative system (as well as quite possibly not filing within the proper timeframe), Milless did not allow thorough review of his claim by MSP.

Milless may have difficulty understanding the process, but he has resources available to him to comply, and compliance itself is not difficult. Milless has not

justified his failure to comply with the exhaustion requirements of the PLRA. His Complaint must be dismissed.

###   III.   CONCLUSION

Because Milless failed to carry his burden of exhausting his administrative remedies, under the terms of the PLRA he was not entitled to file suit over his claims regarding medical care. Normally, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, in the case, Milless cannot cure. He cannot travel back in time and timely exhaust the administrative procedure; therefore, his Complaint must be dismissed.

Accordingly, it is HEREBY ORDERED:

1.   Defendants' motion to dismiss is GRANTED. (Doc. 18.)

2.   The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.   The Clerk is directed to have the docket reflect that the dismissal of this action, when failure to exhaust was clear from the face of the Complaint, counts as a strike within the meaning of 28 U.S.C. 1915A.

4.      The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 18th day of December, 2024.

*[signature]*

Dana L. Christensen, District Judge
United States District Court